# United States District Court

## WESTERN DISTRICT OF TEXAS

FILED
2012 MAR 30 PM 3: 12
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

United States of America

v

Deandre Haynes

**CRIMINAL COMPLAINT**

CASE NUMBER: A 12-m-223

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about, March 07, 2012, in Austin, Travis County, in the Western District of Texas, the Defendant Deandre Haynes, aided and abetted by other persons, did knowingly, intentionally, and unlawfully possess with intent to distribute a mixture or substance containing detectable amounts of Schedule I and II Controlled Substances, namely: Cocaine, in violation of **Title 21, United States Code, Section 841 (a)(1) and Title 18 USC 922 (g).**

I further state that I am an Austin Police Detective and that this complaint is based on the following facts:

On March 07, 2012, Austin Police we're called by management of the "InTown Suites" 9909 N. Lamar, Room 212, Austin, Texas, in reference to found narcotics and handgun found inside a room. The tenant was not present. Austin police arrived on scene and were lead to the room by management, at which time they were shown the contraband by hotel management, without cause. The responding officers did not search, but subsequently sought a search warrant for the room. A search warrant was sought and granted by Austin Municipal Court Judge McKey. The subsequent search uncovered 26.4 grams of a white powder contained in several caplets, digital scale, two (2) ounces of marijuana, packaging material, a scale, .357 pistol (with ammunition) (stolen), and various personal papers with the Defendants name on them. In addition to the contraband, police found luggage containing male clothing with an airline luggage claim tag attached, showing the Defendant Deandre Haynes as the owner.

Hotel records indicate that the room was registered to the Defendant, from 02/25/2012 through 03/13/2012, and verified by a Texas driver's license. A criminal history check showed the Defendant to have been arrested on charges of possession of marijuana and manufacturing and delivery of controlled substances, possession of body armor by a felon, possession of a firearm by a felon, evading arrest, assault, and retaliation. The Defendant's criminal record indicates a felony conviction record for Possession of Marijuana, Engaging in Organized Criminal Activity.

In a subsequent Mirandaized statement, the Defendant admitted to renting the room and being a user of cocaine and marijuana, and further implicated that he had rented the room for another unidentified subject only known as "Tim", who he had met while being incarcerated. However, management had not seen any other individuals at the room, nor would they allow additional person to stay without registration. Furthermore, there were no other items indicating any additional persons staying in the room.

Based on the statements and supporting personal papers, luggage, hotel registration, it is the belief of your Affiant that the Defendant was the only person staying and in control and custody of room #212, as well as the contents. Furthermore, your Affiant affirms that the Defendant is/was in the business of selling narcotics (to wit: cocaine) and marijuana. This Accusation is supported by the findings of the search warrant, as well as the information found in the Defendants Criminal History and his own statements.

The powder cocaine exhibits seized from the motel room were subsequently field tested and found to contain cocaine, a Schedule II Controlled Substance.

Continued on the attached sheet and made a part hereof.   __Yes   **X**   No

_____ #2568
Signature of Complainant

Sworn to before me, and subscribed in my presence

3/30/12 _____
Date **ANDREW W. AUSTIN**
~~United States Magistrate Judge~~
Name and Title of Judicial Officer

at AUSTIN, TX
City and State

_____
Signature Judicial Officer